IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOEL B. SCHOONOVER,

      Plaintiff,

v.                                    Civil action no. 5:05cv141
                                    (Judge Stamp)

JOHN S. KAULL,

      Defendant.

**REPORT AND RECOMMENDATION**

On August 31, 2005, the *pro se* plaintiff filed a complaint[1] against U.S. Magistrate Judge John S. Kaull alleging that Magistrate Judge Kaull engaged in misconduct by dismissing Plaintiff's case against the Randolph County Sheriff's Department and the Elkins City Police Department filed pursuant to 42 U.S.C. §1983.[2] According to the plaintiff, Magistrate Judge Kaull improperly dismissed his § 1983 claims without giving him a chance to prove his case and by applying his own Rules of Civil Procedure. By Order entered April 12, 2006, the plaintiff's application to proceed in forma pauperis was granted.[3]

Having screened the plaintiff's complaint in accord with the local rules of this Court and in

---

[1] This action was originally filed in the United States District Court for the Southern District of West Virginia. By Order entered on August 26, 2005, the case was transferred to this Court.

[2] See Civil Action No. 2:04cv35.

[3] At the time the plaintiff initially filed his complaint, he was incarcerated at the St. Marys Correctional Facility in St. Marys, West Virginia. Because the plaintiff failed to submit certain documents required of prisoners seeking to proceed without prepayment of fee, the undersigned issued a Report and Recommendation that the case be dismissed without prejudice. (Doc. 13). Thereafter, the Court remanded the matter for further consideration (Doc. 14), at which time the plaintiff was no longer incarcerated.

accord with the provisions of 28 U.S.C. § 1915(e)(2)(B) the undersigned concludes that the complaint should be summarily dismissed for failure to state a claim upon which relief may be granted.

## I. Standard of Review

When Congress originally enacted the federal *in forma pauperis* statute, it "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because...poverty makes it impossible...to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992). (Internal quotations and citations omitted). At the same time it sought to increase indigent persons' access to the courts, however, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (Internal quotations and citations omitted). Therefore, Congress included a statutory provision that allowed a court to dismiss a pauper's case if the court was satisfied that the complaint was frivolous or malicious. Id. That provision is 28 U.S.C. §28 U.S.C. § 1915(e)(2) which provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time is the Court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal–
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune
>       from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

2

dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**III. ANALYSIS**

The undersigned initially notes that this action was docketed as one filed under 42 U.S.C. §1983. However, § 1983 claims do not apply to federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under color of federal law. Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). Accordingly, the undersigned has construed the plaintiff's action against Magistrate Judge Kaull as a Bivens action.

42 U.S.C. § 1983 grants state and local judges absolute immunity from individual liability in exercising their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547 (1967). "Judicial immunity is immunity from suit, not just the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). However, a judge who acts without jurisdiction, or who has not performed a judicial act, has no absolute judicial immunity. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978), *rehearing denied*, 436 U.S. 951 (1978). In determining whether an act is a "judicial act," the court must consider "whether [the act] is [a] function normally performed by a judge" and "whether [the parties] dealt with the judge in his judicial capacity." Id. at 362. The scope of immunity for federal judicial officers is the same as that afforded state and local judges, and the analysis is the same. See Wilson v. Layne, 626 U.S.

603 (1999) (noting that "qualified immunity analysis is identical under either [§ 1983 or Bivens] cause of action").

In this case, the plaintiff's complaint centers on Magistrate Judge Kaull's handling of his § 1983 complaint against the Randolph County Sheriff's Office and the Elkins City Police Department. A review of that case reveals that Judge Kaull reviewed and granted the plaintiff's application to proceed in forma pauperis and then prepared a Report and Recommendation which was subject to the review of the District Judge.[4] Therefore, any actions taken by Judge Kaull with respect to the § 1983 action were functions normally performed by a Magistrate Judge and thus were judicial acts. Furthermore, the plaintiff dealt with Magistrate Judge Kaull in his judicial capacity. Accordingly, Magistrate Judge Kaull is entitled to absolute judicial immunity, and the plaintiff has failed to state an action upon which relief can be granted.

### III. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Doc. 12) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should

---

[4] In his Report and Recommendation, filed August 12, 2004, Magistrate Judge Kaull found that "the facts as the plaintiff alleges are sufficient to prevent the complaint from being summarily dismissed." However, Magistrate Judge Kaull recommended that only Captain Lawrence be required to answer the complaint and that the Randolph County Sheriff's Office and Elkins City Police Department be dismissed. Upon review, the District Judge agreed that the Randolph Sheriff's Office and Elkins City Police Department should be dismissed, but disagreed with his recommendation that Captain Lawrence be required to answer, and entered an Order on April 1, 2005, dismissing the plaintiff's complaint in its entirety.

also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: May 15, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE