```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOEL B. SCHOONOVER,

    Plaintiff,

v.                                        Civil Action No. 5:05CV141
                                                  (STAMP)

JOHN S. KAULL,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

    I.   Procedural History

On August 31, 2005, pro se plaintiff, Joel B. Schoonover ("Schoonover"), filed a complaint against the defendant United States Magistrate Judge John S. Kaull alleging that the magistrate judge improperly dismissed the plaintiff's case against the Randolph County Sheriff's Department and the Elkins City Police Department in violation of 42 U.S.C. § 1983. The plaintiff's complaint was originally filed in the United States District Court for the Southern District of West Virginia. By order entered on August 26, 2005, this case was transferred to this Court. The plaintiff's complaint was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On April 12, 2006, the magistrate judge entered an order granting the plaintiff's application to proceed in forma pauperis.

On May 15, 2006, the magistrate judge entered a report recommending that the plaintiff's complaint be dismissed with

prejudice for failure to state a claim. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In his complaint, the plaintiff argues that the magistrate judge improperly dismissed his case based upon the magistrate judge's prejudice and biases against the plaintiff. The magistrate judge found that the plaintiff failed to state an action upon which relief can be granted.

The plaintiff filed a complaint for violations under 42 U.S.C. § 1983. Section 1983 claims do not apply to federal officials

2

because they are not state actors acting under the color of state law.  However, a plaintiff may file suit purusuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971), for damages arising from a violation of the plaintiff's constitutional rights by persons acting under the color of federal law.  This Court notes that the claims of the <u>pro se</u> plaintiff must be construed in a liberal fashion and thus, this Court will interpret the plaintiff's claim as one under <u>Bivens</u>.  <u>Id.</u>

Title 42, United States Code, Section 1983 grants state and local judges absolute immunity from individual liability in exercising their judicial jurisdiction.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  Absolute immunity provides "immunity from suit, not just the ultimate assessment of damages."  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991).  Absolute judicial immunity does not exist however, when a judge acts without jurisdiction or has not performed a judicial act.  <u>Forrester v. White</u>, 484 U.S. 219 (1988). To determine whether an act is a "judicial act," <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978), stated that a court must consider two things: (1) whether the act is a function that a judge normally performs; and (2) whether the parties have dealt with the judge while he is in a judicial capacity.

In the present civil action, the plaintiff's complaint alleges that Magistrate Judge Kaull improperly handled the plaintiff's § 1983 complaint against the Randolph County Sheriff's Office and the Elkins City Police Department.  Upon review of the underlying

3

action against the Randolph County Sheriff's Office and the Elkins City Police Department, the magistrate judge found that Magistrate Judge Kaull reviewed and granted the plaintiff's application to proceed in forma pauperis and then prepared a report and recommendation which was then subject to review by the presiding district judge.

Pursuant to 28 U.S.C. § 636(A) and (B), a magistrate judge may be designated duties by a district judge, which may include but are not limited to, conducting hearings and submitting "to a judge of the court proposed findings of fact and recommendations," which are then reviewed by the district judge.  Thus, the actions taken by Magistrate Judge Kaull were functions normally performed by a magistrate judge.  See 28 U.S.C. § 636.

Accordingly, the magistrate judge found that Magistrate Judge Kaull is entitled to absolute immunity for performing judicial acts while the magistrate judge was in his judicial capacity and recommended that the plaintiff's complaint be dismissed with prejudice.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the plaintiff's 42 U.S.C. § 1983 complaint is hereby DISMISSED WITH PREJUDICE.  It is further ORDERED that this civil

4

action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 8, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE